IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JEFFREY A. ROWE, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 06-1131-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this action alleging violation of the Fair Debt Collection Practices Act (FDCPA), violation of the Oregon Unlawful Debt Collection Practices Act (OUDCPA), and conversion. Jurisdiction is based on the FDCPA.

Defendant moves to dismiss contending that it is exempt from the FDCPA and that if the FDCPA claim is dismissed, then the court should decline to exercise jurisdiction over the remaining state law claims. Plaintiff declined to respond to the motion.

The FDCPA regulates actions by "debt collectors" and provides for damages for failure to comply with its provisions. See 15 U.S.C. § 1692k. However, the term "debt collector" does not include

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (I) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1592(a)(6)(F). While the Ninth Circuit has found that a student loan guarantee agency is not exempt from liability under the "Government Actor" exemption to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6)(C), Brannan v. United Student Aid Funds, 94 F.3d 1260 (9th Cir. 1996), it has not addressed the fiduciary obligation exemption with respect to such agency. This court agrees with the reasoning in Pelfrey v. Educational Credit Management Corporation, 71 F.Supp.2d 1161 (N.D.Ala 1999), that defendant Education Credit Management Corporation is a fiduciary to the United States Department of Education and subject to the exemption. Accordingly, plaintiff's FDCPA claim is dismissed.

When the federal claims are dismissed before trial, it is wholly within the district court's discretion to dismiss the state claims. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also Schneider v. TRW, Inc., 938 F.2d 986, 993-94 (9th Cir. 1991). The court has not invested its judicial energies to such an extent that

2 - ORDER

would justify retaining jurisdiction.  See Schneider, 938 F.2d at 994; Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1981). Nor is it apparent that judicial economies would be served by retaining jurisdiction over this case.  See Schneider, 938 F.2d at 994.  Accordingly, the court declines to exercise its jurisdiction over the remaining state law claims and grants defendant's motion to dismiss.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss (#4) is granted and this action is dismissed.

DATED this __25th__ day of October, 2006.

                                        _s/ Michael R. Hogan_
                                    United States District Judge