IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JEFFREY A. ROWE, | ) |
| | ) |
| Plaintiff, | ) Civil No. 06-1131-HO |
| | ) |
| v. | ) ORDER |
| | ) |
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION, | ) |
| | ) |
| Defendant. | ) |

Plaintiff brings this action alleging violation of the Fair Debt Collection Practices Act (FDCPA), violation of the Oregon Unlawful Debt Collection Practices Act (OUDCPA), and conversion. Jurisdiction is based on the FDCPA. Defendant Educational Credit Management Corporation (ECMC) moves to dismiss contending that it is exempt from the FDCPA and that if the FDCPA claim is dismissed, then the court should decline to exercise jurisdiction over the remaining state law claims.

This court previously granted the motion to dismiss having not heard from plaintiff before the response was due. However, the court granted plaintiff's motion to extend for good cause and has now considered plaintiff's response.

As noted in the court's previous order, the FDCPA regulates actions by "debt collectors" and provides for damages for failure to comply with its provisions. See 15 U.S.C. § 1692k. However, the term "debt collector" does not include

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (I) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6)(F).

The Ninth Circuit has found that a student loan guaranty agency is not exempt from liability under the "Government Actor" exemption to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6)(C), Brannan v. United Student Aid Funds, 94 F.3d 1260 (9th Cir. 1996). Plaintiff relies heavily on Brannan in arguing that ECMC clearly falls under the definition of debt collector. However, the Brannan court did not address the fiduciary obligation exception with respect to such agency.

Despite plaintiff's arguments, this court still agrees with the reasoning in Pelfrey v. Educational Credit Management Corporation, 71

2 - ORDER

F.Supp.2d 1161 (N.D.Ala 1999), that defendant ECMC is a fiduciary to the United States Department of Education and subject to the exception. However, plaintiff does note that ECMC raises issues outside the complaint that seemingly make the issue more appropriate for summary judgment. Nonetheless, plaintiff does not identify facts that could distinguish this case from the other cases finding that ECMC is indeed exempt under the fiduciary obligation exception primarily as a result of facts provided through operation of the regulations regarding the Federal Family Educational Loan Program and plaintiff's admission that ECMC is a student loan guarantor agency.

While plaintiff asks the court for the opportunity to prove that ECMC is a "debt collector," the court does not disagree that ECMC falls under the general definition of "debt collector" but finds that an exception applies. Given the previous judicial opinions addressing this issue with respect to this defendant, the court takes judicial notice of previous court decisions finding ECMC to fall under the exception. See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (on a motion to dismiss, courts may take judicial notice of another court's opinion-not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity). Indeed, other courts have found ECMC to fall under the exception on a Rule 12(b)(6) motion to dismiss. See Montgomery v. Educational Credit Management Corp., 238 B.R. 806

3 - ORDER

(D. Minn. 1999). Moreover, courts have decided the issue with respect to other guaranty agencies on a motion to dismiss. See <u>Davis v. United Student Aid Funds, Inc.</u>, 45 F.Supp.2d 1104 (D.Kan. 1998). Accordingly, the motion to dismiss the FDCPA claim is granted.

When the federal claims are dismissed before trial, it is wholly within the district court's discretion to dismiss the state claims. <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966); <u>see also</u> <u>Schneider v. TRW, Inc.</u>, 938 F.2d 986, 993-94 (9th Cir. 1991). The court has not invested its judicial energies to such an extent that would justify retaining jurisdiction. See <u>Schneider</u>, 938 F.2d at 994; <u>Wren v. Sletten Const. Co.</u>, 654 F.2d 529, 536 (9th Cir. 1981). Nor is it apparent that judicial economies would be served by retaining jurisdiction over this case. See <u>Schneider</u>, 938 F.2d at 994. Accordingly, the court declines to exercise its jurisdiction over the remaining state law claims and grants defendant's motion to dismiss.

<u>CONCLUSION</u>

For the reasons stated above, defendant's motion to dismiss (#4) is granted and this action is dismissed.

DATED this  6th  day of December, 2006.

_____
United States District Judge

4 - ORDER