IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

JEFFREY A. ROWE,                         )
                                         )
              Plaintiff,                 )   Civil No. 06-1131-HO
                                         )
                                         )
              v.                         )        ORDER
                                         )
EDUCATIONAL CREDIT MANAGEMENT            )
CORPORATION,                             )
                                         )
              Defendant.                 )
_____)

Plaintiff, Jeffrey Rowe, brings this action alleging violation of the Fair Debt Collection Practices Act (FDCPA), violation of the Oregon Unlawful Debt Collection Practices Act (OUDCPA), and conversion. Defendant, Educational Credit Management Corporation (ECMC), previously moved to dismiss contending that it is exempt from the FDCPA and that if the FDCPA claim is dismissed, then the court should decline to exercise jurisdiction over the remaining state law claims. Plaintiff failed to respond initially and the court granted

the motion.  Plaintiff did finally respond and after considering

plaintiff's response, the court again granted the motion to dismiss.

The court stated

the FDCPA regulates actions by "debt collectors" and
provides for damages for failure to comply with its
provisions.  See 15 U.S.C. § 1692k.  However, the term
"debt collector" does not include
        any person collecting or attempting to collect
        any debt owed or due or asserted to be owed or
        due another to the extent such activity (I) is
        incidental to a bona fide fiduciary obligation
        or a bona fide escrow arrangement; (ii) concerns
        a debt which was originated by such person;
        (iii) concerns a debt which was not in default
        at the time it was obtained by such person; or
        (iv) concerns a debt obtained by such person as
        a secured party in a commercial credit
        transaction involving the creditor.
15 U.S.C. § 1692a(6)(F).
        The Ninth Circuit has found that a student loan
guaranty agency is not exempt from liability under the
"Government Actor" exemption to the Fair Debt Collection
Practices Act, 15 U.S.C. § 1692a(6)(c), Brannan v. United
Student Aid Funds, 94 F.3d 1260 (9th Cir. 1996).  Plaintiff
relies heavily on Brannan in arguing that ECMC clearly
falls under the definition of debt collector.   However,
the Brannan court did not address the fiduciary obligation
exception with respect to such agency.
        Despite plaintiff's arguments, this court still agrees
with the reasoning in Pelfrey v. Educational Credit
Management Corporation, 71 F.Supp.2d 1161 (N.D.Ala 1999),
that defendant ECMC is a fiduciary to the United States
Department of Education and subject to the exception.

Plaintiff also argued that ECMC raised issues outside the

complaint that seemingly made the issue more appropriate for summary

judgment.  The court dismissed this argument stating "plaintiff does

not identify facts that could distinguish this case from the other

cases finding that ECMC is indeed exempt under the fiduciary

obligation exception primarily as a result of facts provided through

operation of the regulations regarding the Federal Family Educational

Loan Program and plaintiff's admission that ECMC is a student loan

guarantor agency."  The court further noted:

> While plaintiff asks the court for the opportunity to prove
> that ECMC is a "debt collector," the court does not
> disagree that ECMC falls under the general definition of
> "debt collector" but finds that an exception applies.
> Given the previous judicial opinions addressing this issue
> with respect to this defendant, the court takes judicial
> notice of previous court decisions finding ECMC to fall
> under the exception.  See Southern Cross Overseas Agencies,
> Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27
> (3d Cir. 1999) (on a motion to dismiss, courts may take
> judicial notice of another court's opinion-not for the
> truth of the facts recited therein, but for the existence
> of the opinion, which is not subject to reasonable dispute
> over its authenticity).  Indeed, other courts have found
> ECMC to fall under the exception on a Rule 12(b)(6) motion
> to dismiss.  See Montgomery v. Educational Credit
> Management Corp., 238 B.R. 806 (D. Minn. 1999).  Moreover,
> courts have decided the issue with respect to other
> guaranty agencies on a motion to dismiss.  See Davis v.
> United Student Aid Funds, Inc., 45 F.Supp.2d 1104 (D.Kan.
> 1998).

The Ninth Circuit reversed and remanded stating:

> Rowe argues, independent of our holding in Brannan, that
> the FDCPA's exception for collection activities "incidental
> to a bona fide fiduciary obligation" does not apply to
> ECMC's activities in this case.    Construing the
> allegations in Rowe's complaint in accordance with Federal
> Rule of Civil Procedure 8(a), we agree with Rowe.
> ....
> If this were a case in which ECMC had guaranteed the loan
> to Rowe, and had then undertaken to collect on the loan
> after default, its collection activities would have been
> "incidental to" its fiduciary duties to the DOE within the
> meaning of the FDCPA. However, this does not appear to be
> such a case. **Rowe's complaint alleges that OSSC rather than
> ECMC was the guarantor of his loan. According to the
> complaint, ECMC's sole function was to take assignment of
> the loan from OSSC and to act as a collection agent. Such
> collection activity is not "incidental to" ECMC's fiduciary
> duty to the DOE.**

....

> **It is, of course, possible that ECMC may turn out to have had a broader role in this case than merely acting as a collector of the debt guaranteed by OSSC.** But for purposes of a motion to dismiss under Rule 12(b)(6), we take at face value the allegation in the complaint. **Assuming for present purposes that ECMC's only role in this case was to collect the loan assigned to it by OSSC after Rowe's default, we hold that ECMC's collection activity was not "incidental to a bona fide fiduciary activity" within the meaning of the FDCPA. 15 U.S.C. § 1692a(6)(F)(I).**

Finally the Ninth Circuit held:

> We hold that while a "guaranty agency" owes a fiduciary obligation to the DOE under the HEA, the collection activity alleged in this case was not "incidental to" that obligation within the meaning of the FDCPA because the defendant acted solely as a collection agent. We reverse the decision of the district court and remand.

(emphasis added)

Upon remand and after some discovery and delays, defendant's motion for summary judgment is now ready for disposition.

The distinction in this case appears to be the way upon which defendant ECMC became the guarantor of the loan at issue. Plaintiff Rowe took out five student loans from 1983 to 1988. The loans were assigned to the original guarantor, Oregon Student Scholarship Commission (OSSC) (now the Oregon Student Assistance Commission (OSAC)), in 1997. Rowe defaulted on his loans and OSAC began administratively garnishing Rowe's wages as required by the regulations applicable to the federal family education loan program and the Higher Education Act. In 2004, the Department of Education terminated OSAC's status as the guaranty agency for the State of

Oregon and directed that ECMC assume the responsibilities of OSAC and all outstanding guarantees and OSAC's post-claim portfolio.

Rowe argues that because he was already in default and that ECMC did not originally guarantee his student loans, that ECMC is merely a debt collector for whom no exception to the FDCPA applies.  Such an interpretation of the FDCPA would result in a hardship on guarantors that Congress did not intend.  Although ECMC stepped into its guaranty role after debt collection had been commenced against Rowe, it did assume all responsibilities of the original guarantor as to all guarantees of OSAC including the guaranty with respect to Rowe's loans.  Given the posture of this case, the matter is purely factual at this point.  But no reasonable trier of fact could conclude that ECMC does not fall under the fiduciary obligation exception to the definition of debt collector under the FDCPA.  Accordingly, the motion for summary judgment should be granted.

The issue, as framed by the Ninth Circuit upon remand, is whether ECMC was acting as a guaranty agency in this case.  The legal issue of whether ECMC falls under the general definition of "debt collector" but that the fiduciary obligation exception applies has already been determined by the Ninth Circuit.  Removing the exception under the circumstances could expose student loan guarantors to liability under the FDCPA because of failure of an original guarantor, which Congress could not have intended.

Rowe contends that it is likely that OSAC owned the notes, that the notes were paid and that once OSAC acquired the notes, it assumed the position of a creditor and was no longer a mere guarantor of the obligation.  Thus, Rowe argues, when the debt was assigned to ECMC, the only obligation remaining was for ECMC to collect on the debt.[1]

As noted above, it is now undisputed that ECMC is a student loan guaranty agency with a fiduciary duty to the United States Department of Education and is generally exempt from the definition of a debt collector under the FDCPA.  Even though the student loans at issue in this case were already in default at the time ECMC became the guarantee agency for the State of Oregon, it did assume all the fiduciary obligations of the previous guaranty agency.  A review of the agreement between OSAC and ECMC, the agreement between ECMC and the Department of Education, and the declaration of Jeff Baker, the director of the policy liaison and implementation staff of the federal student aide office of the United States Department of education, conclusively establishes the exception applies in this case.

As noted above, the Department terminated OSAC's status in 2004 and directed that ECMC shall assume the responsibilities of the designated guaranty agency for the State of Oregon in 2005 and

---

[1]There is an issue with regard to the conferral required under Local Rule 7.1 because ECMC failed to confer with Rowe's counsel before filing the summary judgment motion, but the issues were clearly framed at the time the motion was filed and the court declines to deny the motion on this basis.

required it to accept the transfer from OSAC of all outstanding guarantees and the OSAC post-claim portfolio.  Under its agreement with OSAC, ECMC assumed all of OSAC's responsibilities, liabilities, duties, and obligations as a guaranty agency.

Baker's declaration also establishes that ECMC assumed all the duties and responsibilities that any guaranty agency has with respect to borrowers, lenders, and schools related to that agency's designated area.  The Department of Education agreed to have ECMC perform all functions as a guaranty agency and fiduciary for the Department by virtue of its authority as a guaranty agency under the Higher Education Act in the State of Oregon.

ECMC's role as a guaranty agency for the State of Oregon goes well beyond debt collection and debt collection is merely incident to its fiduciary obligation to the Department of Education. Its obligations with respect to Rowe's loans come within its fiduciary obligations to the Department even though it did act to collect on the defaulted debt with respect to those loans.  Moreover, the FDCPA definition of debt collector concerns entities, "the principle purpose of which is the collection of debts, or who regularly collect" debts due to another.  Rowe isolates his one case to show that ECMC is a debt collector, but fails to acknowledge ECMC's broader primary purpose as a fiduciary to the Department of Education.

Additionally, ECMC collected from Rowe on behalf of itself as a guarantor of the loan in default.  ECMC stepped into the shoes of OSAC as the new holder and Rowe had the same rights and responsibilities that he had with the original lender under the terms of his promissory note.  Thus, even beyond the fiduciary exception, ECMC does not fall under the definition of a debt collector with respect to the loans at issue.  The motion for summary judgment as to the FDCPA claim is granted.  The court declines jurisdiction over the remaining state law claims and this action is dismissed.

## CONCLUSION

For the reasons stated above, defendant's motion for summary judgment (44) is granted and this action is dismissed.  The clerk shall enter judgment in favor of defendant.

DATED this ___10th___ day of August, 2010.

_____s/ Michael R. Hogan_____
United States District Judge